**ER LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondents.**

**No. 07–4324–ag.**

United States Court of Appeals, Second Circuit.

May 1, 2008.

mer Acting Attorney General Peter D. Keisler as the respondent in this case.

Gary J. Yerman, New York, N.Y., for petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Tim Ramnitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. PIERRE N. LEVAL, and Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Er Lin, a native and citizen of China, seeks review of a September 13, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Er Lin,* No. A79 774 667 (B.I.A. Sept. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an

arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

■ The BIA did not abuse its discretion in finding that Lin failed to establish "changed circumstances arising in the country of nationality" sufficient to excuse the untimely filing of his motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(2). As the BIA observed, it has previously evaluated country conditions evidence similar to that which Lin submitted and found that such evidence is insufficient to warrant reopening based on changed circumstances in China regarding its family planning policy. *See Matter of C–C–,* 23 I. & N. Dec. 899, 900–03 (B.I.A. 2006); *Matter of S–Y–G–,* 24 I. & N. Dec. 247, 258 (B.I.A.2007).

■ Lin argues that the BIA abused its discretion by not considering sufficiently the evidence he submitted. But this Court does not require the agency to "expressly parse or refute on the record each individual argument or piece of evidence offered," especially evidence which the agency "is asked to consider time and again." *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (citations omitted). The BIA's summary analysis was not an abuse of discretion where Lin fails to identify any substantive country conditions evidence that the BIA overlooked demonstrating that individuals with U.S.–born children are subject to persecution in China. *See id.*

■ Lin further asserts that his case is distinguishable from the cases relied upon by the BIA because he submitted individualized evidence indicating that he would be subject to persecution—a notice from village officials indicating that he would be subject to sterilization based on his two U.S.–born children and a letter from his cousin discussing China's enforcement efforts against his cousin's acquaintances. However, in finding that the village notice had no probative value, the BIA relied upon the IJ's adverse credibility determination in the underlying proceeding. Lin has waived any challenge to that finding. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143 (2d Cir.2007). Although Lin correctly notes that the BIA did not explicitly address the letter from his cousin, the BIA's failure to do so was not arbitrary or capricious inasmuch as it analyzed, and rejected, the most significant piece of evidence supporting his claim. Nothing in the record suggests that the BIA did not consider the evidence Lin presented. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.